UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. ) No. 2:11 CR 47  )  DAVID RICHARDSON BEACH ) | |

**OPINION and ORDER**

Defendant David Beach has filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (DE # 68.) For the reasons that follow, Beach's motion will be denied.

**I.     BACKGROUND**

On April 7, 2011, Beach was indicted on charges of possession and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), (a)(4). (DE # 11.) On October 30, 2012, Beach entered into a plea agreement with the Government. (DE # 26.) In the agreement, Beach pleaded guilty to Count 2 of the indictment (possession of child pornography), and the Government agreed to dismiss Count 1 of the indictment (distribution of child pornography). (*Id.* at 3.) Beach's plea agreement contained an appeal waiver that states that Beach waives his right to appeal or file any post conviction motion, except to the extent that he raises a claim of ineffective assistance of counsel related to the appeal waiver or its negotiation. (*Id.* at 5-6.)

On October 31, 2013, this court sentenced Beach and entered final judgment. (DE # 51.) Beach did not appeal his conviction and did not file any collateral attack on his conviction.

More than five years later, on January 3, 2019, Beach filed a motion for extension of time to file a collateral challenge to his conviction and sentence. (DE # 64.) This court explained that Beach must file his § 2255 motion before this court would be able to determine: (1) whether any of the statutory exceptions to the limitations period applied, or (2) whether equitable tolling was warranted. (DE # 65.) Beach filed his § 2255 motion, which is now before the court. (DE # 68.) This matter is fully briefed and is ripe for ruling.

## II.     DISCUSSION

### A.     *Timeliness*

The Government argues that Beach's motion is untimely. Beach argues that his motion is timely – or otherwise qualifies for equitable tolling – on the basis that "the scant legal materials made available in the prison's law library and meager access to legal resources," caused him to "only recently discover[]" that his "post-conviction Section 2255 rights to contest (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) an unlawful sentence, cannot be waived by virtue of the plea waiver." (DE # 67 at 2.)

Under certain circumstances, inadequate access to prison legal materials and resources may constitute a government impediment that would extend the deadline to file a motion to vacate. *See* 28 U.S.C. § 2255(f) ("Prisoners seeking to challenge their sentence pursuant to § 2255 must move to do so within one year from . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action[.]"); *Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) ("Lack of library access can, in principle, be an 'impediment' to the filing of a collateral attack" under to § 2255(f)). Under certain circumstances, an inadequate prison law library may also justify equitable tolling. *See Estremera*, 724 F.3d at 777 (declining to determine under what circumstances equitable tolling may be available where prisoner had inadequate access to law library).

However, resolving the question of timeliness in this case would require an evidentiary hearing. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A hearing would be required to determine whether Beach had access to legal materials that were necessary to filing his present motion, and when he obtained access to those materials. *See Estremera*, 724 F.3d at 777 (evidentiary hearing was required to determine whether petitioner's access to prison law library warranted extension of time to file motion to vacate).

District courts may resolve a § 2255 motion on the merits, rather than resolve a statute of limitations defense, where the latter would require a hearing. *Id.* at 775. "There is no necessary priority among non-jurisdictional reasons for rejecting a suit or claim. It makes sense to tackle the merits first when they are easy and the limitations question hard[.]" *Id.* (district court was permitted to resolve § 2255 motion on the

3

merits, bypassing government's timeliness argument, where resolution of the defense would require hearing on petitioner's access to, and need of, prison law library). Accordingly, the court will bypass the issue of timeliness and proceed to the merits of Beach's motion.

    B.    *Motion to Vacate*

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. 28 U.S.C. § 2255. "Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to one who has already had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

    i.    Ground One

In Ground One of his motion to vacate, Beach argues that he received ineffective assistance of counsel. Specifically, he argues that his counsel failed to investigate and challenge the legality of the appeal waiver in the plea agreement. (DE # 68 at 4.) Beach argues that his counsel failed to inform him that there are certain grounds that may be raised even when a defendant has waived his right to appeal (ineffective assistance, prosecutorial misconduct, unlawful sentence), and because his counsel did not advise him of these exceptions, Beach failed to file his § 2255 motion within one year of the date on which his judgment of conviction became final.

A claim for ineffective assistance of counsel can only succeed if the petitioner can establish prejudice resulting from his counsel's alleged errors. *Strickland v. Washington*,

4

466 U.S. 668, 693 (1984). Beach's motion fails to establish that Beach suffered any prejudice related to counsel's alleged failure to advise him of these limited exceptions to his appeal waiver. The only prejudice Beach claims is his failure to file a timely motion to vacate based on one of these exceptions. Yet, as discussed within this Opinion and Order, Beach has not identified any viable claim that is not subject to his appeal waiver. Thus, he has suffered no prejudice.

Furthermore, during the Rule 11 plea colloquy, this court read the terms of Beach's appeal waiver, and the following discussion took place:

> Q. Under certain circumstances, you or the government have a right to appeal any sentence that's imposed upon you.
>
> Did you know that?
>
> A. Yes.
>
> Q. But by entering into your agreement with the government and by pleading guilty to this crime here today, you're giving up your right to appeal or to collaterally attack your conviction and your sentence; and once you do that, with very few exceptions, you're stuck with the sentence that you received from this court, because, like it or not, sir, with very few exceptions, you're gonna have to live with it.
>
> Understood?
>
> A. Yes.
>
> Q. Did you discuss giving up your right to appeal or to collaterally attack your conviction and your sentence with your lawyer, Mr. Martin?
>
> A. Yes.

> Q. And are you making that decision voluntarily, of your own free will, without any coercion, duress, or improper influence of any kind from any source?
>
> A. Yes, I am.
>
> Q. And do you fully understand the effect of giving up your right to appeal or to collaterally attack your conviction and your sentence?
>
> A. Yes, I do.
>
> Q. Is that really what you want to do?
>
> A. Yes.

(DE # 62 at 18-19.) A defendant's statements during a plea hearing are presumed to be true. *United States v. Chapa*, 602 F.3d 865, 869 (7th Cir. 2010). Thus, the objective evidence demonstrates that Beach was informed that there are limited exceptions to his appeal waiver, he understood the terms of his appeal waiver, and he nevertheless wished to proceed with his plea agreement.

For these reasons, Beach has failed to establish prejudice related to Ground One, and therefore his motion to vacate with respect to Ground One will be denied.

### ii. Grounds Two and Three

In Ground Two, Beach claims that his counsel was ineffective because counsel was operating under a conflict of interest. (DE # 68 at 4.) Beach does not identify the conflict in his § 2255 motion. However, reading Beach's filings together, it appears that Beach believes that his counsel at sentencing provided substandard assistance because counsel knew that Beach had entered into an appeal waiver and therefore would not be able to appeal any of counsel's shortcomings. In Ground Three, Beach argues that

6

counsel failed to challenge the application of sentencing enhancements that Beach claims were inapplicable to his case. Grounds Two and Three of Beach's motion to vacate are barred by his appeal waiver.

> In his plea agreement, Beach agreed to the following appeal waiver:
>
> I understand that the law gives a convicted person the right to appeal the conviction, sentence and restitution imposed; I also understand that no one can predict the precise sentence that will be imposed, or restitution that will be ordered, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement as well as any amount of restitution; with this understanding and in consideration of the Government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction, sentence or the restitution imposed, including the manner in which my conviction, sentence or restitution was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(DE # 26 at 5-6.)

A "'voluntary and knowing waiver of an appeal is valid and must be enforced.'" *United States v. Perillo*, 897 F.3d 878, 882 (7th Cir. 2018), *reh'g denied* (Aug. 20, 2018) (quoting *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)). Beach's present claims are foreclosed by his appeal waiver if: (1) his claims fall within the scope of his appeal waiver, and (2) the waiver is valid. *Id.*

An appeal waiver is valid and enforceable "'so long as the record clearly demonstrates that it was made knowingly and voluntarily.'" *Id.* at 883 (quoting *United States v. McGuire*, 796 F.3d 712, 715 (7th Cir. 2015)). "To determine whether the plea was

7

knowing and voluntary, we ask 'whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights.' " *Id.* (quoting *United States v. Kelly*, 337 F.3d 897, 902 (7th Cir. 2003)). "The enforceability of a plea agreement typically involves review of the Rule 11 colloquy to ensure that the defendant pleaded guilty voluntarily and that she was properly informed of the charges against her, the rights she was giving up by pleading guilty, and the terms of the plea agreement." *Id.* at 884, n.1. *See also United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). "A written appellate waiver signed by the defendant will typically be voluntary and knowing[.]" *United States v. Galloway*, 917 F.3d 604, 606 (7th Cir. 2019).

Here, Grounds Two and Three fall within the scope of the appeal waiver. Beach explicitly waived his right to challenge his conviction or sentence on any ground, other than a claim of ineffective assistance of counsel related directly to the appeal waiver or its negotiation.[1] Beach's claims in Grounds Two and Three pertain to events that occurred after he entered into his plea agreement – during the sentencing phase of his case – and therefore fall within the scope of his appeal waiver. *See Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) ("Mason's ineffective assistance of counsel claim relates only to his attorney's performance with respect to sentencing. Because the

---

[1] The court notes that the Seventh Circuit has held that appeal waivers do not foreclose a claim of ineffective assistance related to the plea agreement as a whole – such claims are not limited to a claim of ineffective assistance of counsel as it relates to the appeal waiver specifically. *See e.g. Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013).

8

challenge has nothing to do with the issue of a deficient negotiation of the waiver, Mason has waived his right to seek post-conviction relief.")

Furthermore, Beach's appeal waiver is valid. Beach's only argument against the validity of his appeal waiver is that his counsel did not inform him that, under certain rare circumstances, he might have claims that would not be foreclosed by his appeal waiver. However, as a general matter, "'a plea of guilty does not have to be perfectly informed in order to be voluntary.'" *Perillo*, 897 F.3d at 884 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)). *See also St. Pierre v. Walls*, 297 F.3d 617, 635 (7th Cir. 2002) (finding that "lawyers need not inform their clients of every possible defense, argument, or tactic"). "Were the law otherwise, few guilty pleas could survive later challenges based on 'buyer's remorse' if a defendant could claim that there was some possible motion or theory her lawyer did not discuss with her first." *Perillo*, 897 F.3d at 884.

The objective evidence in this case demonstrates that Beach entered into his plea agreement, and the appeal waiver, knowingly and voluntarily. The language of the plea agreement is plain and clear. In the plea agreement and during the change of plea hearing, Beach repeatedly confirmed that he entered the plea agreement with a full and informed knowledge of the rights he was giving up by entering the plea, and the appeal waiver contained therein. The appeal waiver is not invalid merely because it turns out that Beach had more avenues of relief available to him than he thought he would when he originally agreed to the waiver.

9

For these reasons, the court finds that Grounds Two and Three are foreclosed by Beach's appeal waiver, and do not establish any right to relief.

### iii. Ground Four

Finally, in Ground Four, Beach argues that the Government committed prosecutorial misconduct by coercing Beach into entering the plea agreement. (DE # 68 at 5.) According to Beach, the Government threatened to prosecute him for distribution of child pornography unless he accepted the plea offer, despite knowing that Beach's conduct did not meet the standard for a distribution charge. (*Id.*)

This final ground also fails to establish any right to relief. The Government did not "threaten" to prosecute Beach for distribution of child pornography unless he accepted the plea deal – the Government had already indicted Beach for distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). (DE # 11 at 1.) Part of the benefit to Beach in entering the plea agreement was the Government's dismissal of this charge. (DE # 26 at 3.)

Furthermore, Beach admitted – under oath – to distributing child pornography. During the Rule 11 plea colloquy, the Government provided a recitation of the evidence it would present, were the case to proceed to trial. Among other things, the Government proffered that it would prove that when Beach was interviewed by law enforcement he "admitted that he had received, distributed, and possessed images of child pornography[.]" (DE # 62 at 23.) This court then asked Beach:

> Q. Mr. Beach, did you hear what Ms. Koster, the government lawyer, has just said?

> A. Yes.
>
> Q. Do you agree with what she has just said?
>
> A. Yes.
>
> Q. So her summary of what the government's evidence would be, if the case went to trial, that's all true, correct?
>
> A. Yes.

(*Id.* at 24-25.)

Beach has failed to establish that he is entitled to relief based on Ground Four. Therefore, Beach's motion to vacate will be denied.

    C. *Certificate of Appealability*

Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). In light of the controlling case law, the conditions for the issuance of a certificate of appealability are not present in this case, and no certificate will issue.

**III. CONCLUSION**

For the foregoing reasons, the court:

    1.    **DENIES** David Richardson Beach's motion to vacate his conviction and sentence (DE # 68);

11

2. **DENIES AS MOOT** David Richardson Beach's motion to "file out of time motion" (DE # 66);

3. **DENIES AS MOOT** David Richardson Beach's "motion to remove impediment" (DE # 67);

4. **DENIES** David Richardson Beach's motion to stay (DE # 78);

5. **DENIES** David Richardson Beach a certificate of appealability; and

6. **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** dismissing the collateral civil proceeding (2:19 CV 81) with prejudice, and to give notice to defendant-movant Beach.

**SO ORDERED.**

Date: May 22, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT