UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 2:11 CR 47 |
| ) | |
| DAVID RICHARDSON BEACH ) | |

**OPINION and ORDER**

This matter is before the court on defendant David Beach's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE ## 82, 84.) For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

In October 2013, following his guilty plea, this court sentenced Beach to a 120-month term of imprisonment, to be followed by a 30-year term of supervised release, for possession of child pornography, in violation of 18 U.S.C. § 922(a)(4). (DE # 51.) Beach is currently incarcerated at FCI Forrest City Low, in Forrest City, Arkansas. Beach is presently 32 years old and has a projected release date from prison of August 30, 2021. (DE # 93-3 at 1; DE # 37 at 2.)

On May 18, 2020, Beach filed a motion for early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 82.) He filed a supplement to his motion on May 21, 2020. (DE # 84.) Beach claims that he has "life-long" respiratory issues, and specifically claims that he has asthma and severe allergies. (DE # 82 at 9.) He states that he has treated his conditions in the past with Advair, Allegra-D, Flonase, and has had Albuterol breathing treatments. (*Id.* at 9-10.) He also claims that he has previously had

bouts of bronchitis. (*Id.* at 10.) Beach argues that his conditions place him at higher risk of serious illness were he to contract COVID-19, and this risk constitutes an extraordinary and compelling reason justifying his early release from prison.[1] (DE ## 82, 84.)

Pursuant to this court's General Order 2020-11, the undersigned referred Beach's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Beach may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act of 2018. (DE # 87.) The FCD filed a notice of non-representation. (DE # 88.) The Government opposes Beach's request for compassionate release. (DE # 93.) Beach filed a reply in support of his motion. (DE # 94.) This matter is now ripe for ruling.

---

[1] As an alternative to his request for early release under the First Step Act, Beach also requests an assignment of home confinement, under the provisions of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). (DE # 82 at 1.) The relevant portion of the CARES Act states,

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

*Id.* This provision grants additional authority to the Attorney General and the Director of the Bureau of Prisons – not to district courts. *United States v. Neeley*, No. 114CR00096SEBTAB, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Accordingly, this court will construe Beach's present motion as a motion for compassionate release under § 3582(c)(1)(A)(i) only. Under § 3582(c)(1)(A)(i), the court can grant a defendant compassionate release, and, if appropriate, impose a term of supervised release that includes a period of home confinement.

## II.  ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1.  Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The Government and Beach agree that on April 13, 2020, Beach sent a request for compassionate release to the warden of his prison, and the BOP never responded to his request. (*See* DE # 93-1.) More than 30 days later, on May 18, 2020, Beach filed the

3

present motion for compassionate release with this court. Thus, the court finds that Beach has satisfied the exhaustion requirement of § 3582(c)(1)(A).

    **2.**    **Extraordinary and Compelling Reasons**

The court is only authorized to grant Beach's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment.[2] U.S.S.G. § 1B1.13 cmt. n.1.

The spread of COVID-19 has presented unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet,

---

[2] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

4

social distancing can be difficult for individuals living or working in a prison.

FCI Forrest City Low, the prison where Beach is currently incarcerated, had an extensive outbreak of COVID-19 at its facility. The prison houses a total of 1,891 inmates. *See* https://www.bop.gov/locations/institutions/for/(last accessed July 14, 2020). The BOP reports that 649 inmates and 3 staff members at this facility have recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 14, 2020). However, there are currently only 28 active, confirmed inmate cases of COVID-19 and 2 staff cases. *Id.* The BOP reports that there have been no prisoner or staff member deaths caused by the virus at this facility. *Id.*

Beach claims in his motion that he fears that his medical conditions would place him at greater risk of serious illness were he to contract COVID-19. Beach previously reported to the BOP that he has a dust allergy and has a history of sports-induced asthma. (DE # 93-4 at 1.) His medical records confirm that he has suffered from allergies while incarcerated. (DE # 93-5 at 8, 11, 41, 49.) However, in the seven years he has been incarcerated, no respiratory issues are listed among Beach's current or resolved health problems in his BOP medical records. (*Id.* at 8-9.)

Beach was among the 649 prisoners at the facility who were infected with the virus and recovered. His medical records reveal that on May 20, 2020, he was tested for COVID-19 and tested positive, but was asymptomatic. (*Id.* at 52.) Beach's medical records state that he was screened for COVID-19 symptoms on May 21, 22, 25, 26, 27, 28, 29, 30, 31, and June 1, 2, 3, and 4, and denied having a "cough, SOB, muscle pain,

5

fatigue, sore throat, HA, new loss of taste and smell, and/or chills." (*Id.* at 43-44.) As of June 11, 2020, Beach's COVID-19 was deemed to be "Resolved." (*Id.* at 8, 25.)

Beach disputes that he was asked whether he was experiencing symptoms of COVID-19 on the dates listed in his medical records, and asserts that medical personnel merely took his temperature. (DE # 94 at 3.) However, the only symptoms he claims he experienced as a result of his COVID-19 are headaches and heartburn. (*Id.* at 4.) Unpleasant as these symptoms may be, they do not establish an extraordinary and compelling reason justifying his early release from prison. The court finds that Beach has not identified any serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[.]" *See* U.S.S.G. § 1B1.13 cmt. n.1.

The court also finds that the existence of COVID-19 within Beach's prison, even considered in conjunction with his medical ailments, is not extraordinary and compelling reason that would justify a reduction in his term of imprisonment. It is not yet clear whether reinfection is likely after recovery from COVID-19. *See* Clinical Questions about COVID-19: Questions and Answers, Centers for Disease Control and Prevention, *available at* https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last visited on July 15, 2020) ("Patients with MERS-CoV are unlikely to be re-infected shortly after they recover, but it is not yet known whether similar immune protection will be observed for patients with COVID-19."). However, while there was initially a

substantial outbreak of the virus at Beach's prison, there are currently only 28 active, confirmed cases among the inmates, and 2 cases among the members of staff.

Under the circumstances, the court cannot say that defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason to warrant compassionate release. Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic with Beach's situation and his concern about potentially becoming re-infected with COVID-19 from someone else at the facility, that risk is not an extraordinary and compelling reason to justify his release, particularly in light of the low number of confirmed cases in the prison. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

### 3. Remaining Motions

Beach has two other motions pending before this court: a motion for the appointment of alternative counsel (DE # 89), and a motion requesting access to legal books and materials, and a typewriter or word processor (DE # 90).

Under the Criminal Justice Act, "a court must appoint counsel for an indigent criminal defendant when the sixth amendment so requires, *see* § 3006A(a)(1)(H), and may appoint counsel to pursue relief under 28 U.S.C. §§ 2241, 2254, or 2255, *see* § 3006A(a)(2)(B), but neither subparagraph applies to a motion under § 3582. It is not part of a criminal prosecution or a form of collateral attack[.]" *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Thus, prisoners who seek early release from prison are not entitled to receive counsel at public expense – though a district court may appoint counsel at its discretion. *See id.* (discussing §3582(a)(2)); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020) (same).

With respect to Beach's request for access to legal materials, prisoners are entitled to access a prison law library or other legal materials only to the extent necessary to ensure that the prisoner's access to the courts, and his ability to litigate any potentially meritorious challenge to his conviction, sentence, or conditions of confinement, is not prejudiced by lack of access to such materials. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Both of Beach's remaining motions will be denied as moot. As discussed in this opinion and order, the court finds that neither Beach's medical conditions, nor the

8

existence of COVID-19 at his prison, alone or in combination, present an extraordinary and compelling reason justifying his early release from prison. The court has reviewed Beach's filings and finds that he was able to adequately – if unsuccessfully – present his arguments without requiring the assistance of counsel or access to legal materials.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for appointment of alternative counsel (DE # 89); **DENIES** defendant's motion for access to legal resource material (DE # 90); and **DENIES** defendant's motion under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 82).

**SO ORDERED.**

Date: July 15, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT